|     |     |
| --- | --- |
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| JEANNE ANGUIANO, | Case No.: 2:19-cv-00406-APG-NJK |
| Petitioner | **ORDER** |
| v. | |
| DWIGHT NEVEN, et al., | |
| Respondents | |

**I note at the outset that no courtesy copies—except as specified at the conclusion of this order—are required in this case at this time.**

Petitioner Jeanne Anguiano has submitted a 28 U.S.C. § 2254 habeas corpus petition and has now paid the filing fee. *See* ECF Nos. 1-1, 4. I have reviewed the petition under Habeas Rule 4, and it shall be docketed and served on the respondents.

A petition for federal habeas corpus should include all claims for relief of which the petitioner is aware. If the petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If the petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

IT IS THEREFORE ORDERED that the Clerk **shall file and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on the respondents.

IT IS FURTHER ORDERED that the Clerk shall add Aaron D. Ford, Nevada Attorney General, as counsel for the respondents.

IT IS FURTHER ORDERED that the respondents shall file a response to the petition, including potentially by motion to dismiss, within **90 days** of service of the petition, with any requests for relief by the petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

IT IS FURTHER ORDERED that any procedural defenses raised by the respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, I do not wish to address any procedural defenses raised either *in seriatim* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from a motion to dismiss will be subject to potential waiver. The respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If the respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss, not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, the respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that the petitioner shall have **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests

for relief by the respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

IT IS FURTHER ORDERED that any additional state court record exhibits filed herein by either the petitioner or the respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment.

IT IS FURTHER ORDERED that, at this time, the parties shall send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. **No further courtesy copies are required unless and until requested by the court**.

Dated: May 29, 2019

_____
U.S. District Judge Andrew P. Gordon