# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JEANNE ANGUIANO,

        Petitioner,

  v.

DWIGHT NEVEN, et al.,

        Respondents.

Case No. 2:19-cv-00406-APG-NJK

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the court on the respondents' motion to dismiss petitioner Jeanne Anguiano's *pro se* petition as untimely. ECF No. 7. I agree that the petition is untimely so I will dismiss it.

**I.     AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year limitation period on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time period can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

A petitioner may be entitled to equitable tolling if he or she can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009) (quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger equitable tolling is very high, lest the

exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Ignorance of the one-year limitation period does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

**II.   Anguiano's Federal Petition is Time-barred**

In August 2015, Anguiano pleaded guilty to two counts of driving and/or being in actual physical control of a motor vehicle while under the influence of a controlled substance and/or a prohibited substance resulting in substantial bodily harm. Exhibit 6.[1] The state district court sentenced her to consecutive terms of 8 to 20 years. Exh. 9. Judgment of conviction was entered on October 22, 2015. *Id*.

On April 20, 2016, the Nevada Court of Appeals affirmed her convictions. Exh. 25. Anguiano did not seek certiorari in the United States Supreme Court; thus, her conviction became final 90 days later on July 19, 2016. *See* NRAP 4(b)(1); 28 U.S.C. § 2244(d)(1)(A). Anguiano filed a state postconviction habeas petition on May 2, 2017, after 287 days of untolled time elapsed. Exh. 30. The federal limitation period was therefore tolled until the Nevada Court of Appeals issued remittitur on its affirmance of the denial of the petition on December 3, 2018.

---

[1] Exhibits referenced in this order are exhibits to the respondents' motion to dismiss, ECF No.10, and are found at ECF Nos. 11-12.

2

28 U.S.C. § 2244(d)(2); exh. 51. Anguiano had 78 days—until February 19, 2019—remaining to timely file a federal habeas petition. She did not dispatch her federal petition for filing until March 4, 2019. ECF No. 8.

The respondents acknowledge that on January 27, 2017, the state district court entered an amended judgment of conviction. Exh. 28. The original judgment of conviction set forth that Anguiano was sentenced to consecutive terms of 8 to 20 years. Exh. 9. Nevada law requires the state district to pronounce the aggregate minimum and maximum terms of imprisonment when imposing consecutive sentences for offenses committed after July 1, 2014. NRS § 176.035(1). In order to comply with NRS § 176.035(1), the amended judgment of conviction merely added the aggregate sentences; *i.e.*, that Anguiano was sentenced to 16 to 40 years. Exh. 28. I thus address whether Anguiano's amended judgment of conviction was a new, intervening judgment that restarted the relevant filing deadline under AEDPA.

In *Turner v. Baker*, the Ninth Circuit Court of Appeals concluded that in Nevada an amended judgment of conviction that reflected the correction of the defendant's presentence credit calculation constituted a new judgment; therefore, the defendant's second petition challenging the new judgment was not successive. 912 F.3d 1236, 1240 (9th Cir. 2019). The court determined that its decision in *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017), which looked at California law, also applied to Nevada law. As in *Gonzalez*, the court in *Turner* reasoned that a change to the defendant's sentence is a change to his or her judgment. The court also made clear:

> Our decision [in *Gonzalez*] provided an example of a change to a judgment that does not constitute a new judgment: the correction of a scrivener's error. *Gonzalez*, 873 F.3d at 769, 772. "A scrivener's error occurs when there is a discrepancy between the court's oral pronouncement of the judgment and the written record of that judgment in the minute order or in the abstract of judgment." *Id.* at 772. We reasoned that when an amended judgment corrects a

3

scrivener's error, it does not change the underlying judgment, but "only the written record that erroneously reflects that judgment." *Id*. As a result, an amended judgment correcting a scrivener's error has no legal consequences, and thus is not a new judgment.

*Turner*, 912 F.3d at 1239.

The Ninth Circuit also stated that it looks to state law to determine whether a state court action constitutes a new, intervening judgment. The Nevada Supreme Court held in *Mason v. State* that a state district court must pronounce the aggregate terms of imprisonment in the judgment of conviction, but that the failure to do so "does not affect the sentences imposed for each offense." 373 P.3d 116, 117 (Nev. 2016). There, the court remanded to the district court to correct the judgment of conviction to include the aggregate minimum and maximum terms for the consecutive sentences as required by NRS § 176.035(1). The court further instructed that the corrected judgment of conviction be entered *nunc pro tunc* to the original sentencing date. *Id*. at 426, n.2.

Here, the corrected/amended judgment of conviction states that, "pursuant to a request from the Nevada Department of Corrections for verification of aggregate sentence, Court does affirm, defendant's aggregate total sentence is forty (40) years maximum with a minimum of sixteen (16) years." Exh. 28. The corrected judgment of conviction makes no change to Anguiano's sentence. It is essentially the same as a scrivener's error/omission. Therefore, the corrected judgment of conviction was not a new, intervening judgment and had no effect on the calculation of the AEDPA limitation period in this case.

Anguiano filed this current federal habeas petition about two weeks after the limitation period expired. The petition is, therefore, time-barred.

The respondents also argue in their motion to dismiss that certain grounds are unexhausted. ECF No. 10, pp. 4-5. Anguiano filed an opposition to the motion to dismiss. ECF No. 13. The respondents point out that the opposition was itself untimely as Anguiano filed it more than four months after it was due, per the scheduling order. *See* ECF No. 5. Addressing the AEDPA limitation period, Anguiano argued that the State did not promptly respond to her state postconviction petition. However, the limitation period was tolled during the entirety of those state-court proceedings; thus, this argument fails. I also note that Anguiano did not address the respondents' contention that parts of ground 1 and ground 2 are also unexhausted. In any event, Anguiano has not demonstrated that she is entitled to equitable tolling of the AEDPA statute of limitations, and therefore, the petition is dismissed with prejudice as untimely.

### III. Certificate of Appealability

This is a final order adverse to Anguiano. As such, Rule 11 of the Rules Governing Section 2254 Cases requires me to issue or deny a certificate of appealability (COA). I have sua sponte evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

None of my rulings meets the *Slack* standard. I therefore decline to issue a certificate of appealability.

**IV. Conclusion**

IT IS THEREFORE ORDERED that the respondents' motion to dismiss the petition **(ECF No. 10) is GRANTED**. The petition is **DISMISSED** with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment accordingly and close this case.

Dated: March 6, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE